**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 09-cv-01103-REB-BNB

KENNETH WARE,

      Plaintiff,

v.

DENVER HEALTH, d/b/a DENVER CARES, and
MARK WRIGHT,

      Defendants.

## ORDER GRANTING MOTIONS TO DISMISS

**Blackburn, J.**

The matters before me are (1) **Denver Health's Motion To Dismiss as to Amended Complaint** [#23], filed July 20, 2009; and (2) **Mark Wright's Motion To Dismiss as to Amended Complaint** [#31], filed September 16, 2009.  I grant the motions and dismiss plaintiff's claims without prejudice.

### I.  JURISDICTION

I have subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question).

### II.  STANDARD OF REVIEW

When ruling on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), I must determine whether the allegations of the complaint are sufficient to state a claim within the meaning of Fed.R.Civ.P. 8(a).  I must accept all well-pleaded allegations of the complaint as true.  ***McDonald v. Kinder-Morgan, Inc.***, 287 F.3d 992, 997 (10th Cir. 2002).  "However, conclusory allegations or legal conclusions masquerading as factual

conclusions will not suffice to prevent a motion to dismiss." ***Fernandez-Montes v. Allied Pilots Association***, 987 F.2d 278, 284 (5th Cir. 1993); ***see also Ruiz v. McDonnell***, 299 F.3d 1173, 1181 (10th Cir. 2002) ("All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true."), ***cert. denied***, 123 S.Ct. 1908 (2003). I review the amended complaint to determine whether it "'contains enough facts to state a claim to relief that is plausible on its face.'" ***Ridge at Red Hawk, L.L.C. v. Schneider***, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." ***Id.*** (emphases in original).[1] Nevertheless, the standard remains a liberal one, and "a well-pleaded complaint may proceed even if it strikes a

---

[1] ***Twombly*** rejected and supplanted the "no set of facts" language of ***Conley v. Gibson***, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The Tenth Circuit recently clarified the meaning of the "plausibility" standard:

> "plausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible." The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.
>
> This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them. "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."

***Robbins v. Oklahoma***, 519 F.3d 1242, 1247-48 (10th Cir. 2008) (quoting ***Twombly***, 127 S.Ct. at 1974; internal citations and footnote omitted).

savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Dias v. City and County of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (quoting *Twombly*, 127 S.Ct. at 1965) (internal quotation marks omitted).

### III. ANALYSIS

Plaintiff worked for defendant Denver CARES as a Certified Addictions Counselor III. In January, 2007, he filed a charge of racial discrimination against Denver CARES. Although he received a notice of right to sue as to that claim in May, 2007, he elected not to bring suit. Plaintiff alleges that soon thereafter, he was subjected to a number of wrongful disciplinary actions, culminating in his termination on May 7, 2008, for alleged violence in the workplace.[2] He has filed suit alleging claims for discrimination and retaliation under 42 U.S.C. § 1981. Because the factual allegations of the complaint are insufficient to demonstrate that either defendant is liable under section 1981, I grant the motions to dismiss.

All parties agree that Denver Health, which operates Denver CARES, is a political subdivision of the state. *See* §25-29-103(1), C.R.S. It may be sued for alleged civil rights violations only pursuant to 42 U.S.C. § 1983. *Jett v. Dallas Independent School District*, 491 U.S. 701, 733-36, 109 S.Ct. 2702, 2721-23, 105 L.Ed.2d 598 (1989); *Bolden v. City of Topeka, Kansas*, 441 F.3d 1129, 1135-36 (10th Cir. 2006). More to the point, such claims are subject to the same restrictions as apply to section 1983 claims generally. *Bolden*, 441 F.3d at 1135. This includes the requirement that a

---

[2] Plaintiff does not deny the incident that led to his termination, but claims his behavior was a "normal reaction" to a derogatory comment the other involved party made about his mother, who was in ill health. (**First Am. Compl.** ¶ 7 at 2-3 [#21], filed July 10, 2009.)

governmental entity may be held liable for the actions of its employees only if those actions were taken pursuant to an official policy or custom.[3]  *See Murrell v. School District No. 1, Denver, Colorado*, 186 F.3d 1238, 1249 (10th Cir. 1999); *Strepka v. Sailors*, 494 F.Supp.2d 1209, 1229 (D. Colo. 2007).

The First Amended Complaint contains nothing even remotely suggesting that the disciplinary actions taken with respect to plaintiff were pursuant to an official policy or custom of Denver CARES or Denver Health.  Plaintiff has not even stated a bare legal conclusion to that effect, much less set forth any facts that would suggest the existence of "persistent and widespread practices" that are sufficiently "permanent and well settled" to give rise to a plausible claim against a governmental entity.  *See Lankford v. City of Hobart*, 73 F.3d 283, 286 (10th Cir. 1996) (citations and internal quotation marks omitted).  At best, plaintiff has asserted that his termination was the culmination of a pattern of retaliation against him personally.  (**First Am. Compl.** ¶ 8 at 3.)  Such allegations are patently insufficient to make out a viable claim against a governmental entity.

Beyond this glaring infirmity, plaintiff has failed sufficiently to allege that defendant Mark Wright, the person allegedly responsible for the disciplinary actions and termination involving plaintiff, had "final policy making authority" for Denver CARES or Denver Health.  *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 483, 106 S.Ct.

---

[3] A policy includes "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the public entity's officers." *Strepka*, 494 F.Supp. at 1229 (citing *Lankford v. City of Hobart*, 73 F.3d 283, 286 (10th Cir. 1996)) (internal quotation marks and citation omitted). A custom includes a "practice [that] is so permanent and well-settled as to constitute a custom or usage with the force of law.  In order to establish a custom, the actions must be persistent and widespread . . . practices of [city] officials." *Id.* (citing *Lankford*, 73 F.3d at 286) (second alteration in *Lankford*; internal citations and quotation marks omitted).

1292, 1299-1300, 89 L.Ed.2d 452 (1986); **Lankford**, 73 F.3d at 286.  Plaintiff's allegation that "Wright was the official decision maker for the employer regarding [plaintiff's] termination" (*id.* ¶ 9 at 3), does not support such a conclusion.  That Wright may have made the final decision as to plaintiff's termination does not suggest that he has final policy making authority within the broader organization which plaintiff seeks to hold accountable.

Plaintiff's claims against Wright individually,[4] suffer from similar infirmities.  Indeed, plaintiff apparently does not even know if Wright was actually involved in the decision to terminate him, which was communicated to him by his own direct supervisor, Ora Watson.  Instead, he alleges only that "Ms. Watson, *probably* upon the direction of Mr. Wright, terminated his employment."  (**First Am. Compl.** ¶ 7 at 3 (emphasis added).)[5]  Such obvious speculation does not support a plausible conclusion that Wright was involved in the termination decision in any way whatsoever.[6]  Moreover, there is no

---

[4] Although it is not clear in what capacity Wright is sued, any claim against him in his official capacity would be redundant of plaintiff's claims against Denver CARES, and thus fail for the same reasons.  **See Kentucky v. Graham**, 473 U.S. 159, 165-66, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985); **Watson v. City of Kansas City, Kansas**, 857 F.2d 690, 695 (10th Cir. 1988) .

[5] Incredibly, plaintiff reasons that he should be allowed to fill in the gaps in his knowledge via discovery.  This is a completely improper use of the federal rules of civil procedure, not to mention of defendants' and the court's time and resources.  A party who does not have a good faith basis in law and fact to assert a claim against a particular party files such claims in federal court at his, and his attorney's, peril.  **See FED.R.CIV.P.** 11(b).  **See also Seiverding v. Colorado Bar Association**, 2003 WL 22400218 (D. Colo. Oct. 14, 2003) ("Rule 11 requires parties (or their attorneys, for those who have them) to conduct a reasonable investigation into the facts that they believe will support their claims, and into the laws that they believe will provide them with a legal basis for seeking relief from the court."), **aff'd**, 126 Fed. Appx 457 (10th Cir.  Apr. 22, 2005).

[6] Plaintiff's attempt to supplement the bare-bones allegations of his complaint by submitting an affidavit is unavailing.  Plaintiff cannot help but have been aware of the obvious deficiencies in his pleadings, and despite having been afforded an opportunity to amend previously, has made no effort to include these additional facts in his complaint.  Under those circumstances, I decline the invitation to consider matters outside the pleadings.  **See FED.R.CIV.P.** 12(d).  **See also Lowe v. Town of Fairland, Oklahoma**, 143 F.3d 1378, 1381 (10th Cir. 1998) (noting courts' discretion in this regard).

allegation that Wright even knew of plaintiff's earlier charge of discrimination, or that he was involved in any way in the prior discipline involving plaintiff. *See Petersen v. Utah Department of Corrections*, 301 F.3d 1182, 1188 (10th Cir. 2002); *Williams v. Rice,* 983 F.2d 177, 181 (10th Cir. 1993). Because Wright's mere status as a supervisor is insufficient in itself to make him liable under section 1983 for actions taken by his subordinates, *see Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996), the absence of any factual allegation tying Wright to the disciplinary decisions and termination is fatal to plaintiff's claims against him.

Even were I to overlook this glaring omission, the complaint contains no allegations either asserting or demonstrating that Wright acted with invidious discriminatory or retaliatory intent in relation to plaintiff. To make out a viable section 1981 claim,

> defendants' conduct must have been imbued with or directed toward an impermissible discriminatory purpose, which implies more than intent as violation or intent as awareness of consequences. It implies that a decisionmaker singled out [the plaintiff] for disparate treatment and selected [t]his course of action at least in part for the purpose of causing its adverse effects.

*Roe ex rel. Roe v. Keady*, 329 F.3d 1188, 1192 (10th Cir. 2003) (alterations in original; footnote and internal quotation marks omitted). Beyond the mere fact that plaintiff is African American, the complaint alleges nothing even remotely suggesting that Wright, assuming he did so, disciplined or terminated plaintiff because of his race or that other, non-African Americans in similar circumstances were treated more leniently than was plaintiff. Accordingly, Wright's motion to dismiss is well taken and should be granted.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Denver Health's Motion To Dismiss as to Amended Complaint** [#23], filed July 20, 2009, is **GRANTED**;

2. That **Mark Wright's Motion To Dismiss as to Amended Complaint** [#31], filed September 16, 2009, is **GRANTED**;

3. That plaintiff's claims against defendants are **DISMISSED WITHOUT PREJUDICE**; and

4. That the Trial Preparation Conference currently scheduled to commence on Friday, June 25, 2010, at 11:00 a.m. jury trial, currently scheduled to commence Monday, July 19, 2010, are **VACATED**.

Dated November 20, 2009, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge